UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Lee Riches, | ) C/A No.  6:08-2257-MBS-WMC |
| Plaintiff, | ) |
| vs. | ) |
| Warden, FCI Williamsburg;<br>John C. McGinley, d/b/a Dr. Perry Cox; and<br>Ronald Perelman, | ) |
| Defendants. | ) |

      This civil action, filed by a federal prisoner, was transferred to this Court from the United States District Court for the Southern District of Ohio, Western Division.  Therefore, in the event that a limitations issue arises, the Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court.)  Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been automatically referred to the  assigned United States Magistrate Judge.

**TO THE PLAINTIFF:**

      On May 19, 2008, a Prefiling Injunction was issued against the Plaintiff.  *See* C/A No. 6:08-mc-00072-MBS.  Therefore, Plaintiff must comply with the terms of the Prefiling Injunction Order before this case is deemed in proper form for evaluation and possible service.  **If Plaintiff does not comply with the Prefiling Injunction Order and bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.).**

      Plaintiff is given *twenty (20) days* from the date this Order is entered (plus three days for mail time pursuant to Fed. R. Civ. P. Rule 6(e)) to comply with the following Prefiling Injunction Order requirements:

(1) Payment of the full statutory filing fee (currently $350.00) at the time any new civil case is submitted for filing;

or

(2) Submission of a petition to the Clerk of Court seeking leave to file a new civil case.  The petition must contain **all** of the following information:

a) The name of the defendant(s) that Plaintiff intends to sue *pro se*, without payment of the filing fee;

b) For each defendant named, that defendant's domicile;

c) For any defendant whose domicile is outside of this District, a statement explaining why this Court would enjoy personal jurisdiction over that defendant and why venue for Plaintiff's claim is proper in this Court;

d) A brief summary setting forth with specificity what each defendant has done to cause Plaintiff injury;

e) A statement setting forth the legal theory pursuant to which Plaintiff believes he is entitled to relief.

f) A statement (under penalty of perjury and subject to all sanctions available to the Court for untrue statements) that, to the best of Plaintiff's knowledge:

> 1) the information contained in the petition is true and correct;
>
> 2) the legal arguments are not frivolous or made in bad faith;
>
> 3) the proposed case does not involve any of the same factual or legal matters as were/are involved in any of Plaintiff's previously disposed/currently pending civil actions in this Court; and
>
> 4) that Plaintiff will comply with the local rules of this Court and with the Federal Rules of Civil Procedure.

g) The petition for leave to file a new complaint must be signed by Plaintiff in Plaintiff's full legal name. The following statement must appear above Plaintiff's signature: "This document and all statements contained herein or attached hereto are submitted under penalty of perjury and subject to all available Court-imposed sanctions for untruthfulness, frivolity, and/or vexatiousness."

h) An official notary public seal and signature in proper legal form, attesting to the validity of Plaintiff's signature, must be affixed to the signature page of Plaintiff's petition.

> I) the following documents must be attached to the petition for leave to file a new civil action:
>
>> 1) A complete signed original of the pleading that Plaintiff wishes to file as a new case *pro se*, and without payment of the filing fee;
>>
>> 2) A fully completed and signed Form AO-240 (Application to Proceed without Prepayment of Fees and Affidavit);
>>
>> 3) A fully completed Financial Certificate; and
>>
>> 4) Fully completed Court approved service of process forms (summons and Form USM-285) for each defendant or respondent named in the pleading.

Plaintiff must place the civil action number listed above(C/A No. 6:08-2257-MBS-WMC) on any document provided to the Court pursuant to this Order. ***In the meantime, no process shall issue until the items specified above have been reviewed by the assigned Magistrate Judge***.

**Any future filings in this case must be sent to the address below.** All documents requiring Plaintiff's signature shall be signed with his full legal name written in his own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.[1] Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 10768, Greenville, South Carolina 29603**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to file something you are required to

---

[1] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 116 Stat. 2899, this Court has implemented Electronic Case Filing (ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of letter-sized paper is required.

3

file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

Put this Order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a Defendant, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

If your address changes in the future, you must provide the Court with your *own* new address.

**TO THE CLERK OF COURT**:

The Clerk of Court is instructed to add Ronald Perelman as a Defendant in this case. Plaintiff's action is written on two separate pages and Defendant Perelman is listed as Defendant on the second document (see docket entry no. 2).

If Plaintiff fails to provide the items specified above to the Clerk of Court within the period prescribed in this Order, the Office of the Clerk of Court shall return the file to the assigned United States District Judge to determine if the case should be dismissed.[2] If, however, Plaintiff provides this Court with the items specified above, the Office of the Clerk of Court should forward the file to the assigned Magistrate Judge to determine if service of process should be authorized.

The Office of the Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this Court who has entered a formal appearance.

**IT IS SO ORDERED**.

s/William M. Catoe
United States Magistrate Judge

June19, 2008
Greenville, South Carolina

**Plaintiff's attention is further directed to the important WARNING on the following page.**

---

[2] A dismissal for failure to bring a case into proper form will not be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). *See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007).

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Office of the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).